IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

OCTOBER CAREY RAMIREZ,

    Plaintiff,

v.                                                                                                            Civ. No. 21-0458 KRS

KILOLO KIJAKAZI, *Acting Commissioner*
*of the Social Security Administration*,

    Defendant.

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**

THIS MATTER is before the Court on Plaintiff October Carey Ramirez's ("Plaintiff's") Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, with Supporting Memorandum (Doc. 33), filed December 23, 2022. The Commissioner filed a response in opposition to Plaintiff's Motion on January 4, 2023 (Doc. 35), and Plaintiff filed a reply brief on January 31, 2023 (Doc. 38). For the reasons set forth below, the Motion (Doc. 33) is **granted in part and denied in part**.

**I.    BACKGROUND**

On May 17, 2021, Plaintiff filed suit in this Court, challenging the determination of the Commissioner of the Social Security Administration ("SSA") that she is not entitled to supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–83f. (*See* Doc. 1). Plaintiff raised two arguments in her Motion to Reverse or Remand Administrative Agency Decision: (1) the Administrative Law Judge's ("ALJ's") step-three findings were not supported by substantial evidence because he impermissibly ignored portions of a medical source opinion; and (2) the ALJ failed to fully develop the record with a physical consultative examination. (*See* Doc. 30 at 6; *see also* Doc. 25 at 11–16). The Court found in the

1

Commissioner's favor on the first claim of error (*see* Doc. 30 at 6–19), and in Plaintiff's favor on the second claim of error (*id.* at 10–19). The Court remanded the case on the basis that the ALJ failed to fully develop the record with a physical consultative exam regarding the limiting effects of Plaintiff's somatoform disorder. (*Id.*).

In the present Motion, Plaintiff seeks attorney fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (*See* Doc. 33). Turning first to costs, Plaintiff seeks to recoup the cost of the court filing fee, which is $402.00. (*Id.* at 2). The Commissioner does not object to Plaintiff's request for reimbursement of the filing fee. The Court concludes that Plaintiff is entitled to recover this cost as a matter of law. *See* 28 U.S.C. § 2412(a)(1); 28 U.S.C. § 1920(1).

As for attorney fees under the EAJA, counsel for Plaintiff seeks fees in the amount of $9,968.90, broken down as 3.4 hours at the rate of $218.00 per hour for attorney time provided in 2021, 36.7 hours at the rate of $231.00 per hour for attorney time in 2022, and 7.5 hours at the rate of $100.00 per hour for paralegal time. (*See* Doc. 33 at 2). In her response brief, the Commissioner opposes the Motion to the extent Plaintiff seeks attorney fees, arguing that the Court should deny EAJA fees because the Commissioner's position in opposing Plaintiff's Motion to Reverse or Remand Administrative Agency Decision was substantially justified. (*See* Doc. 35 at 2–6). In the alternative, the Commissioner argues that even if the Court finds an EAJA award appropriate, the award should be reduced because the requested amount of fees is excessive and unreasonable. (*Id.* at 6–11). Finally, the Commissioner argues that the Court should not award any attorney fees for work undertaken in connection with the present Motion. (*Id.* at 11–12). In her reply brief, Plaintiff argues that the Commissioner's litigation position was not substantially justified. (Doc. 38 at 1–4). In addition, Plaintiff disputes the Commissioner's

argument that the amount of fees requested is excessive, but agrees to reduce her fee request by deducting time spent on service of process. (*Id.* at 4). Lastly, counsel for Plaintiff also requests an additional $1,108.80 for 4.8 hours spent preparing the reply brief, bringing the total requested fees under the EAJA to $10,932.30.[1] (*Id.* at 10).

## II.  ANALYSIS

### A. Substantial Justification

The EAJA provides for an award of attorney fees when: "(1) plaintiff is a prevailing party; (2) the position of the United States was not substantially justified; and, (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quotation marks omitted) (citing 28 U.S.C. § 2412(d)(1)(A)). The Commissioner bears the burden of proving that the government's position was substantially justified. *Hackett*, 475 F.3d at 1172 (citing *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)). The test for substantial justification "is one of reasonableness in law and fact." *Gilbert*, 45 F.3d at 1394. The government's position must be "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 US. 552, 565 (1988) (quotation marks omitted). The government's "position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (quotation marks and citation omitted); *Lopez v. Berryhill*, 690 F. App'x 613, 614 (10th Cir. 2017) (unpublished) ("When a district court reviews an EAJA application, . . . it considers (among other things) whether the government's litigating position enjoyed substantial justification in fact and law; that is whether its litigating position was *reasonable* even if *wrong*." (quotation marks and citation omitted)).

---

[1] This amount accounts for Plaintiff's agreement to reduce her fee request for the time spent on service of process (.3 attorney hours in 2021 and .8 paralegal hours for a reduction of $145.40). (*See* Doc. 38 at 5).

Importantly, in the context of social security appeals, the "position of the United States" refers to both "the position of the ALJ" and "the position of the government in a subsequent civil action/appeal before a district court[,]" each of which must be substantially justified. *Hackett*, 475 F.3d at 1173; *see* 28 U.S.C. § 2412(d)(2)(D). Although not categorically impossible for the government's reasonable litigation position to "cure" unreasonable agency action, where the ALJ is found to have made an unreasonable ruling at the agency level, EAJA fees generally should be awarded "even if the government advanced a reasonable litigation position" on appeal in the district court. *Hackett*, 475 F.3d at 1173–74 (quotation marks and citation omitted). Where neither the ALJ's position nor the government's litigation position is substantially justified, it is an abuse of discretion to deny an EAJA application. *Id.* at 1174–75.

In this case, the Commissioner argues that her litigation position was substantially justified on the consultative examination issue notwithstanding the Court's ultimate finding that the ALJ failed to fully develop the record in accordance with controlling legal standards. Before addressing the Commissioner's specific arguments, the Court first summarizes its ruling on the consultative examination issue. As the Court explained in its decision, the Tenth Circuit has held that a consultative examination is necessary "when there is a direct conflict in the medical evidence requiring resolution, when the medical evidence is inconclusive, or when additional tests are required to explain a diagnosis already contained in the record." (*See* Doc. 30 at 14 (citing *Hawkins v. Chater*, 113 F.3d 1162, 1166 (10th Cir. 1997)). Here, after finding that Plaintiff easily met her initial burden of demonstrating a reasonable probability she suffered from somatoform disorder, the Court gave several reasons why a consultative examination was necessary in this case and would have been helpful to the ALJ in resolving the issue of the degree to which Plaintiff's somatoform disorder affected her functioning. (*See* Doc. 30 at 16–

4

19). These reasons included the fact that a prior ALJ had determined that a physical consultative examination was necessary regarding Plaintiff's somatoform disorder, but no such examination took place prior to Plaintiff's second administrative hearing before a new ALJ. (*Id.* at 17 (noting that the Commissioner speculated the intervening pandemic may have contributed to the physical consultative examination not taking place prior to Plaintiff's second administrative hearing); *see also id.* at 10). In addition, the Court noted that both ALJs had found Plaintiff's medical records to be internally inconsistent and at odds with Plaintiff's testimony regarding her physical functioning. (*Id.* at 10–11, 18–19). Although additional medical records were submitted prior to Plaintiff's second administrative hearing, the Court found that the additional evidence did not clarify Plaintiff's physical functioning or the extent to which Plaintiff's reported back and pelvic pain may have been somatic. (*Id.* at 18). The additional records therefore only served to reinforce the need for a physical consultative examination. (*Id.* at 18 ("Overall, the additional records suggest that Plaintiff has not received a thorough evaluation of her somatoform disorder or of her physical functioning in light of that disorder.")). All told, "absent a physical consultative examination, [the second ALJ] lacked sufficient evidence to fully evaluate the limiting effects of her somatoform disorder." (*Id.* at 19). The Court thus concluded that remand was necessary due to the second ALJ's failure to fully develop the record by ordering a physical consultative examination as to Plaintiff's somatoform disorder. (*Id.*).

In now opposing Plaintiff's motion for attorney's fees under the EAJA, the Commissioner contends that her litigation position was substantially justified for the same reasons she previously raised when opposing remand—first, that Plaintiff's counsel waived her request for a consultative examination by failing to mention it during the second administrative hearing, and second, that the additional medical evidence submitted prior to the second hearing

obviated the need for a consultative examination. (*See* Doc. 35 at 1–6). The Commissioner contends that there was a reasonable basis in both law and fact for her to make these arguments. (*Id.* at 3). The Court disagrees. The Commissioner does not dispute the Court's finding that Plaintiff's medical records were internally inconsistent and conflicted with her subjective complaints and hearing testimony, thereby making a physical consultative examination necessary to fully develop the record regarding the limiting effects of Plaintiff's somatoform disorder. Nor does the Commissioner dispute the well-settled law that it was the ALJ's duty to fully develop the record regardless of whether Plaintiff was represented by counsel during the second administrative hearing. Under the circumstances present in this case including the intervening pandemic, it was unreasonable for the Commissioner to argue that Plaintiff's counsel waived the issue by failing to request a consultative examination during the second hearing. Moreover, although the Commissioner maintains that it was reasonable for her to argue that the additional medical records obviated the need for a consultative examination, the Commissioner does not address the Court's finding that these records did not resolve the issue of the degree to which Plaintiff's somatoform disorder affected her functioning.

Accordingly, the Court finds that the Commissioner's litigation position was not substantially justified. Plaintiff is therefore entitled to an award of attorney fees under the EAJA.

### B. Reasonableness of the Amount of EAJA Fees

Once the Court determines that the government's position was not substantially justified, "then the [C]ourt should determine what fee is merited for all aspects of the litigation that deal with creating a benefit to the claimant." *Gallaway v. Astrue*, 297 F. App'x 807, 809 at *2 (10th Cir. 2008) (unpublished). The Court, in its discretion, may reduce an award by excluding hours that were not reasonably expended. *See* 28 U.S.C. § 2412(d)(1)(C); *Hensley v. Eckerhart*, 461

U.S. 424, 426, 437 (1983) (interpreting attorney fee request under 42 U.S.C. § 1988); *see also Comm'r, INS v. Jean*, 496 U.S. 154, 161 (1990) (explaining that once a litigant has established eligibility for fees under the EAJA, "the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*").

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437. The Tenth Circuit recognizes that attorneys typically do not bill a client for every hour expended in litigation, and they should exercise "billing judgment" regarding the number of hours actually billed. *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998) (quotation marks and citation omitted). To show appropriate billing judgment, an attorney should make a good-faith effort to exclude those hours from the request that are excessive, redundant, or otherwise unnecessary. *Id.* The Court has a corresponding obligation to exclude hours "not reasonably expended" from the calculation. *Id.* (quotation marks and citation omitted).

Here, the Commissioner asks the Court to exclude several time entries in Plaintiff's counsel's billing records, arguing that these entries correspond to administrative and/or clerical tasks that are not compensable under the EAJA. (*See* Doc. 35 at 7–11). Plaintiff disputes that the time entries are not compensable, but agrees to reduce her fee request by $145.50 for time spent on service of process. (*See* Doc. 38 at 4–7).

"Although EAJA provides for an award of 'fees and expenses . . . incurred by [a] party in any civil action . . . brought by or against the United States[,]' clerical work and overhead expenses are not compensable." *See Villalobos v. Colvin*, 1:15-cv-463-CG, 2016 WL 10179289, at *2 (D.N.M. July 12, 2016) (collecting cases). Upon review of the time entries at issue here, the Court agrees with the Commissioner that several entries correspond to clerical tasks that are not

compensable under the EAJA. Those non-compensable clerical tasks include work related to service of process,[2] preparing files for attorney review, preparing the retention letter and fee agreement, calendaring deadlines, and processing the administrative record. *See, e.g., Ayze v. Kijakazi*, No. 1:20-cv-338-JB-JHR, 2022 WL 17038637, at *5 (D.N.M. Nov. 17, 2022) (filing documents and reviewing notices or other routine filings on the docket are clerical tasks that cannot be compensated as attorney's fees under the EAJA); *Rodriguez v. Berryhill*, 1:15-cv-985-WPL, 2017 WL 3278944, at *2 (D.N.M. Aug. 1, 2017) (initial review of administrative record and preparation of working index are clerical tasks that are not compensable under the EAJA); *Perea v. Colvin*, 1:11-cv-930-JB-GBW, at *4-5 (D.N.M. Feb. 27, 2014) ("noting" matters on the docket is clerical work); *Preston v. Colvin*, 1:14-cv-0278-KG-LAM (D.N.M. Aug. 14, 2015) (preparing, filing, "noting," downloading, and preparing is clerical work); *Soto v. Colvin*, No. 1:14-cv-369-LAM, 2015 WL 13658599, at *2 (D.N.M. Aug. 31, 2015) (preparing the retention letter and fee agreement is clerical work); *Hardister v. Kijakazi*, 1:21-cv-50-DBP, 2022 WL 2304284, at *3 (D. Utah, June 27, 2022) (reducing attorney time claimed related to entries of appearance and issuing and filing the complaint, summons, and civil cover sheet, as well as reducing "the claimed paralegal time by one half to account for time expended on clerical tasks such as file maintenance and bookmarking PDF documents"). Accordingly, the Court deducts the following time from Plaintiff's fee request:

- 0.6 hours of paralegal time for "Files received, reviewed and processed from referral source for attorney review"
- 2.3 hours of paralegal time spent preparing the administrative record ("Strip PDF/A, OCR & live bookmark federal court transcript")
- 0.9 hours of paralegal time spent in connection with the fee agreement ("FDC contract and other rep documents prepared for Client completion"

---

[2] Because Plaintiff has already deducted these entries from her fee request, the Court does not address the Commissioner's specific objections to such entries.

> and "FDC contract and other rep docs returned via Right Signature, reviewed for completion")
> - 0.2 hours of attorney time in 2021 for "Note summons returned executed, record answer due date" and "Review order setting briefing schedule, calendar deadlines."

(*See* Doc. 35 at 8). Although the Commissioner also seeks to exclude time spent preparing the civil cover sheet, the Court has previously approved time spent drafting the complaint, even when that time entry includes other work deemed clerical. *See Apachito v. Berryhill*, 1:17-cv-504-JCH-SMV, 2018 WL 5112908, at *2 (D.N.M. Oct. 19, 2018) (noting preparation of the civil cover sheet is clerical, but nonetheless allowing 1 hour for time entry "complaint, summons, transmittals, and civil cover sheet"). The Court will therefore allow 0.4 hours of attorney time spent drafting the complaint and civil cover sheet in this case. (*See* Doc. 33-3 at 2). Finally, the Commissioner seeks to exclude 0.3 hours of paralegal time for "[f]ederal court-remand referral back to referral source," which Plaintiff claims is for a paralegal's "conversation with the hearing representative explaining the Court's remand." (*See* Doc. 35 at 8). Plaintiff does not point to any authority establishing that such time is compensable under the EAJA. The Court therefore strikes it from Plaintiff's fee request.

Lastly, the Commissioner seeks to exclude the time Plaintiff spent in connection with the reply brief. *See* Doc. 35 at 11. The Commissioner contends that she lodged objections to Plaintiff's fee request solely because Plaintiff included non-compensable "clerical and excessive time" in her request. *Id.* ("Plaintiff's own actions necessitated the need for the objection and thus for [Plaintiff's] own reply, and such fees should not be paid"). This argument lacks merit as the reasonableness of the hours was not the sole basis for the Commissioner's objections; the Commissioner also argued that her litigation position was substantially justified. Plaintiff's reply brief addressed both arguments raised by the Commissioner. As such, the Court is not persuaded

by the Commissioner's contention that Plaintiff should not be awarded attorney fees for her reply brief.

Based on the foregoing, the Court reduces attorney time by 0.2 hours in 2021, and reduces paralegal time by 4.1 hours. This results in an award of $10,478.70 in attorney's fees under the EAJA.

### III.  CONCLUSION

For the reasons stated above, Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, with Supporting Memorandum (Doc. 33) is **granted in part and denied in part**. It is ordered that:

1. Plaintiff is entitled to recoup the cost of the filing fee, which is $402.00, under 28 U.S.C. § 1920(1).

2. Plaintiff is awarded $10,478.70 in attorney's fees under the EAJA, 28 U.S.C. § 2412(d). *See Astrue v. Ratliff*, 560 U.S. 586, 591–93 (2010) (EAJA fees are paid to the prevailing party, not the attorney).

3. If Plaintiff's counsel receives attorney fees under both the EAJA and 42 U.S.C. § 406(b), Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS SO ORDERED**.

_____
**KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent**